May it please the court. My name is Jonathan Salovey, representing the appellant, Yunzhong Chen. I'd like to reserve two minutes for rebuttal. Your honors, the government breached the plea agreement, which it drafted in multiple ways. The government overall breached the plea agreement by expanding the scope of the offense to which Mr. Chen pled guilty. The government breached the plea agreement by, although it provided a statement saying it agreed to a minor role adjustment, the government made statements out of the other corner of its mouth that undermined or subverted its promise. How do we know that those statements were asking for a sentence more than 15 months rather than responding to your client's request for home detention instead of custody? I do realize, your honor, that the government had the right under the plea agreement to impose, to recommend a sentence of 15 months or less. And in fact, the government went down to 364 days, which is the same recommendation it made to another co-defendant who is giving granted a minor role recommendation. That was Mr. He. But the plea agreement is more than just about the temporal scope of the of the recommended term of incarceration. The plea agreement contained more promises. The plea agreement contained promises that it would adhere to its promise to do a minor role adjustment. But they complied with that, as you already acknowledged. The plea agreement actually goes one further in terms of the terms that in the plea agreement, the government agreed that Mr. Chen did not own, control, manage or supervise the prostitution business. And the government made statements that went contrary to that. So, but the agreement actually said that the parties could offer additional facts. That's correct. And I think that's pivotal, your honor. The word facts is what's pivotal, because the government went beyond stating facts. They used speculation, innuendo, inferences. As a matter of fact, in the record, the government itself used the word inference. They said, we looked at Mr. Chen's location data, the tracking, tracking his movements of his vehicle and saying, we see that he went to these places. I mean, for them to have violated the plea agreement, which is like a contract, wouldn't we need to be able to point to something in that contract that says they can't do what they did? And I'm having trouble finding what your hook is. I mean, there's nothing in the plea agreement that says the government can't argue inferences. I think the hook, your honor, and what's essential is that under contract law, it's the government, the government who drafted the plea agreement. And it's well-established law that if you have ambiguous terms or certain secrecy. But what's the ambiguous term? I mean, they promised not to argue for more than 15 months. I don't think, I don't see anywhere where they did. They promised to agree to the minor role adjustment. They did. So where are the other promises? I'm not sure where the promise is that you think they violated. I think there's, there's the letter and the spirit. The letter says that the government could only present facts. And I'm underlining the term facts. And that doesn't mean that when the parties enter into a plea agreement, it was reasonably understood. So we'll give an example. The government was saying that Mr. Chen was engaging in a sex trafficking or prostitution business on the side. That's not what Mr. Chen. You know, it seems to me you have a tough case. You've got the guideline range well within it. The sentence proposed by the government is below the 15 months that was agreed to. But your client would like home detention as the outcome, correct? Correct. And so the real issue at the sentencing is, is home detention justified? And I don't see how any of the discussion that was offered, you know, would not be relevant to that question. Okay. I mean, the judge, of course, was kind of bent on the one year. We see that. Right. Even, you know, a day more than the government was proposing. But I don't see how any of that discussion is somehow a breach or can't be seen as germane to should we put this or should we let him have home detention? So I think, Your Honor, we're looking to the question of prejudice rather versus is there a breach. And the government is required to strictly abide by the terms of the agreement. And I agree with that proposition, but it all has to be looked at in the totality of the government. Nowhere does it say the government has to support home detention, does it? No, Your Honor. Okay. So now the government, in order to say, okay, the break point here really is should we have detention or should we have imprisonment? It seems that the government offering statements that are germane to that can't be seen as a breach. So you're almost saying that it's a technical breach because you don't view the net. It's about expanding the scope of what the parties agreed to, what they would reasonably understand that they would agree to. I'll just throw out a hypothetical to the court. So how about something that relates to the evidence in this case? Because that's what I'm trying to figure out. Well, I'm just saying when they talk about him doing business on the side or insinuating that he somehow obstructed justice by saying he couldn't speak English when in fact opposing counsel came back hard saying he can't speak English. But insinuating that he's not insinuating, stating that he's been actively involved in the prostitution industry and taking advantage of exploiting vulnerable women for many years. And many years connotes a very long time, but that's not what's in the plea agreement. So I think what was upsetting to trial counsel, and as I'm looking at the record, which was very concerning, is this idea of pushing out what the parties agreed to when you enter into a plea agreement. If you plead to... I'm a little confused. Even if we agreed with you, say, that there was some kind of breach here, wouldn't the options for your client at that point be getting rid of the plea agreement and going to trial or going back and having another resentencing? It seems like those are the two options, but you want a third thing. Am I right about that? Yes. How do you justify the third thing you seem to be trying to get? You mean in terms of a resentencing, Your Honor? Well, so it seems like one option would be to go back and have a sentencing hearing where the government doesn't argue for more than 15 months. Is that what you're asking for? For a new sentencing hearing for a different judge, Your Honor. Yes. And are you using... So this gets into your other claim, about why you think this judge was biased. That claim you could be bringing regardless of whether there was a breach, though, right? Yes. So this whole thing about a breach, I mean, is your only point of all this really that you want a sentencing before a different judge, which you could be asking for even without this whole breach argument? Well, but really, it's really important for my client, and it's important for many clients who are immigrants, is what is the immigration impact? And that's why they had the phrase in there about Mr. Chen not being an owner or manager or supervisor of the business. It's very important. Immigration consequences are often far, far more important than the length of the sentence. Was that objected to during the sentencing hearing, that these statements somehow go beyond the scope of plea agreements? Yes. But the district judge responded, in effect, because he had sort of different things in mind. So it doesn't seem there's ever a link between the government's, if you want to call it, amplification of the statements and Judge Zille's final sentence. On three occasions, trial counsel raised that issue. On three occasions, he said, Your Honor, with reference to, he's been doing his business on the side. Defense counsel said, Your Honor, first of all, there's no indication that discovery, no indication that discovery, much less in the plea agreement, that Mr. Chen had anything to do on the side of this business on the side. So where the government is getting that, I don't know. But there was never an objection. The government is currently violating the plea agreement. I think, I think defense counsel was making clear that the government was stepping outside the plea agreement. On another time, defense counsel said, with reference to the allegation that Chen's a boss. And remember, remember the other clause that talks about Chen not being a supervisor or owner, meaning not a boss. But here the government comes in and saying he's the boss. And that's a direct violation of the plea agreement. And it says, again, trial counsel says, but it's not really relevant. We do admit to the court that Mr. Chen admits to the court that he's guilty of the crime charge. He's pled guilty. And he's accepted responsibility. What trial counsel is saying is, hey, this is, this is what we've pled to. We didn't plead to these other things. And another time, trial counsel, when he talks about an inference made by the court that Mr. Chen's collecting monies and delivering supplies, defense counsel says, there's been nothing in the discovery or in the plea agreement that is an admission to that. So when trial counsel really three times says, this is not what the plea agreement is all about. I think the trial counsel is really raising an objection, saying the government is breaching the plea agreement. I'll reverse it for my time. You have no more time, but I'm going to give you a minute. Good morning, Your Honors. May it please the court. Michael Morgan for the United States. Mr. Chen pled guilty and agreed to waive his appellate rights under an agreement in which the government agreed to recommend a sentence of no more than 15 months and agreed to stipulate to a two-level minor role adjustment and a three-level downward adjustment for acceptance of responsibility. The government advocated for both guidelines adjustments and recommended a sentence less than its sentencing cap. That's just not a breach of the plea agreement under any reading of this record. So unless the court has any specific questions about why that's a breach, I have very little to add. I would just want to simply point out that with respect to the preservation point, defense counsel's comments about the prosecutor straying beyond the plea agreement was based on his some – he had an understanding that if a fact wasn't admitted in the plea agreement, somehow or other the government wasn't allowed to elicit that fact, but that's just directly contrary to the plea agreement. The plea agreement specifically reserved that right to both parties. And the defense, I would point out, went beyond the plea agreement in advocating for its sentencing recommendation, which it was entitled to do, but the government was entitled to do likewise. There's just simply no reading of this record that would support a breach. And unless the court has any questions on the breach or any other questions, the government really doesn't have much more to add. It appears not. Thank you, Your Honor. Do you need some rebuttal time, Mr. Salovey? I'll give you a minute. Just shortly, Your Honor. It's hard to say what you would rebut, given that he basically relied on the brief, but go ahead. I'm just going to the issue of prejudice, too. I think it's the government saying, once we've made our recommendation that's in the plea agreement, that's the end of it. That's all we have to do. But plea agreements are more than just say the government will recommend X, and when the government recommends X, that's the case law is written. The case law looks at not just if the government did its duty of recommending what's in the terms of the plea agreement. It's much more than that. You look at the totality of the circumstances. You look at whether or not the government violated the spirit and letter of the plea agreement. It's not so simple of once the government makes a statement saying, for instance, the government recommends a minor role adjustment, that that's the end of the inquiry, and that's the end of the story. I don't believe the case law of the Ninth Circuit or the Supreme Court says that. Thank you very much. Thank you. I think you have a fair point about the scope of the review. So thank you for the rebuttal. The case of United States v. Chen is submitted, and thank you both for the argument.
judges: McKeown, Friedland, Gaitan